THE STATE OF NEW JERSEY, WALTER D. VAN RIPER, ATTORNEY-GENERAL, PROSECUTOR, v. THE COURT OF COMMON PLEAS OF THE COUNTY OF MERCER, AND JOSEPH GRIFFIN, RESPONDENTS.

Submitted October 7, 1947—Decided January 14, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Walter D. Van Riper,* Attorney-General of New Jersey (by *Eugene T. Urbaniak,* Deputy Attorney-General).

For the respondent Joseph Griffin, *John A. Musick.*

The opinion of the court was delivered by

EASTWOOD, J. *Certiorari* has been brought by the State of New Jersey, through the Attorney-General as prosecutor, to review an order of the Court of Common Pleas of the County of Mercer, dated April 14th, 1947, directing the release of the respondent Joseph Griffin at that time a prisoner under sentence in the New Jersey State Prison at Trenton.

Fifteen reasons for reversal of the order of April 14th, 1947, have been assigned by the prosecutor of the writ. Of these, we deem the following to be dispositive of the issue. They are:

"1. Because the said Court of Common Pleas erred in refusing to admit into evidence the records of the Court of

Pardons of the State of New Jersey pertaining to the application of Joseph Griffin for the license to be at liberty, subsequently issued by the Court of Pardons and dated June 25th, 1946."

"4. Because the said Court of Common Pleas erred in concluding that prison numbers assigned Joseph Griffin on his several offenses had no significance or consequence except as a means of identifying the prisoner and his respective offenses."

"6. Because the said Court of Common Pleas erred in concluding that the license to be at liberty, dated June 25th, 1946, was intended to apply to any and all previous offenses committed by the said Joseph Griffin, and specifically his prior convictions in the County of Essex in 1934."

Chronologically, it appears that Joseph Griffin was committed to the New Jersey State Prison on February 16th, 1934, by an order of the Court of Quarter Sessions of Essex County dated February 14th, 1934, Griffin having been duly convicted of the crime of robbery and a sentence imposed upon him of not less than six nor more than ten years. On the same day, February 14th, 1934, Griffin was also convicted in the same Court of Quarter Sessions of the crime of atrocious assault and battery and assault with intent to kill, for which a sentence was imposed upon him having a minimum of two years and a maximum of three years. The aggregate minimum on both sentences was eight years and the aggregate maximum thirteen years. Upon these two commitments, Joseph Griffin was assigned the number 16633 on the State Prison records. On July 19th, 1939, Joseph Griffin, No. 16633 was granted a license to be at liberty on these two convictions. Griffin was thereupon released, but was shortly thereafter convicted in the Court of Quarter Sessions of Bergen County on March 20th, 1940, for the crime of robbery, on two counts, and received a sentence therefor of not less than ten years nor more than fifteen years on each count, both sentences to run concurrently. Upon his incarceration in the New Jersey State Prison for these convictions, Griffin was assigned Prison No. 21214.

On February 18th, 1942, the Court of Pardons, having

learned of Griffin's convictions in the Bergen County Court of Quarter Sessions, revoked the previous license to be at liberty granted Griffin on July 19th, 1939, for the Essex County convictions.

On June 25th, 1946, the Court of Pardons granted to Joseph Griffin, No. 21214, a license to be at liberty, identifying the subject as Joseph Griffin, No. 21214, convicted of the crime of robbery (2) by the Bergen County Court of Quarter Sessions at the September term, 1939, said license to be at liberty to be effective as of March 21st, 1947.

When the effective date of March 21st, 1947, was reached, the Principal Keeper of the New Jersey State Prison terminated the running of the time on the sentence of Joseph Griffin on the Bergen County convictions of robbery, but detained him at the State Prison under the Essex County convictions previously referred to. Griffin, having been refused his release, applied for and obtained a writ of *habeas corpus* which was allowed by the Mercer County Court of Common Pleas and came on for trial before that court on April 14th, 1947. As the result of the *habeas corpus* proceedings the Mercer County Court of Common Pleas ordered the release of Joseph Griffin from confinement. The Attorney-General thereupon applied for and obtained the present writ of *certiorari*, Mr. Justice Wachenfeld having denied a motion to quash the same on behalf of the respondent Joseph Griffin, referred the matter to the Supreme Court, *en banc,* for determination.

We have considered the arguments advanced by the respondent and conclude that the motion to quash the writ was properly denied. We know of no decision of this state, nor of any statutory authority for the proposition that the State of New Jersey does not enjoy the common law right of reviewing a discharge on a writ of *habeas corpus* by *certiorari.* Counsel for the respondent has referred us to several decisions of sister states in support of his motion to quash the writ. We do not consider them binding upon us in the matter at bar.

We proceed now to the meritorious points at issue. It is said that the Mercer County Court of Common Pleas erred in refusing prosecutor's offer in evidence of the records of the

Court of Pardons concerning the prisoner Joseph Griffin, containing, *inter alia,* the history and disposition of the matter both on the question of the prisoner's convictions in the Essex County Court and the Bergen County Court. The court below apparently considered these records irrelevant. We think not. On the contrary, we deem the information therein contained of the utmost importance and significance. The dispute before us has been principally concerned as to the effect of the license to be at liberty granted by the Court of Pardons on June 25th, 1946. It is urged by the respondent that the license to be at liberty was a full and plenary license to be at liberty arising out of Griffin's convictions in both the Essex County Court and the Bergen County Court. *Per contra,* it is maintained by the state that the license of June 25th, 1946, referred solely to the convictions in the Bergen County Court and did not have the effect of releasing Griffin from the time yet remaining to be served under his convictions in the Essex County Court of Quarter Sessions. To resolve the dispute, it is evident that the records of the Court of Pardons would have been invaluable and clearly evidential. Their exclusion constituted palpable error.

The return to the writ of *habeas corpus* filed April 14th, 1947, had attached thereto a photostatic copy of the license to be at liberty granted by the Court of Pardons of the State of New Jersey by its order of June 25th, 1946. Respondent Joseph Griffin was therein referred to as No. 21214, for the crime of robbery, two counts, on the order of commitment of the Court of Quarter Sessions of the County of Bergen. There is no reference in the license as to any disposition of the license to be at liberty granted to Joseph Griffin, No. 16633, on July 19th, 1939, and subsequently revoked on February 18th, 1942, following Griffin's conviction for robbery, two counts, in the Court of Quarter Sessions of the County of Bergen. It is our opinion and we so hold that the respondent Griffin was limited by the precise wording of the license to be at liberty of June 25th, 1946, and it was erroneous for the court below to hold that the Prison No. 21214 was merely a means of identifying the prisoner, Joseph Griffin, and that the reference to the crime of robbery, two counts, on

the commitment from the Bergen County Court was for a similar purpose. In our opinion these references in the license to be at liberty of June 25th, 1946, in the absence of contrary proof, which we fail to find, constituted a limitation upon the respondent Joseph Griffin and had the effect, in the absence of qualifying circumstances, not appearing in the license, of releasing Griffin solely from the service of further time under his sentence for robbery, two counts, under the order of commitment of the Court of Quarter Sessions of the County of Bergen. The time remaining unserved under the convictions of the Court of Quarter Sessions of Essex County was not discharged thereby and still remains in effect. In other words, the release by the Court of Pardons applied solely to the Bergen County robberies and did not release Griffin from the "debt he owed the state" on the revoked release for the Essex County convictions.

The judgment of the Court of Common Pleas of the County of Mercer is reversed.